Lovell TURNER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 10, 1954.

Rehearing Denied March 4, 1955.

John L. Ward, Harrodsburg, for appellant.

J. D. Buckman, Jr., Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MONTGOMERY, Justice.

Lovell Turner was indicted, tried, and convicted for a third offense of selling alcoholic beverages in local option territory. His punishment was fixed at confinement in the penitentiary for one year. On appeal, he urges: (1) that the county attorney in his argument to the jury made improper remarks which were calculated to prejudice and inflame the minds of the jurors; and (2) that evidence of other sales by the appellant to support the remarks of the county attorney to the jury would not have been admissible if introduced.

No official stenographer was appointed and no transcript of the evidence was made. All we have before is are the affidavits of W. L. Conder and Dorotha C. Thompson as to what the county attorney said and the counter affidavit of P. Joe Clarke, the county attorney.

W. L. Conder said that he was present at the trial and heard the county attorney make the following statement:

"Why it's getting so bad here in Danville that all a person has to do is to stop his car and the bootlegger (or an expression meaning a person selling whiskey) will shove the bottle through the car window into him * * *".

Dorotha C. Thompson said that she was present at the trial and heard the county attorney make the following statement:

"It's getting so bad here in Danville that people can't drive down the street without bootleggers handing a pint of liquor through the window to them."

P. Joe Clarke, the county attorney, in his counter affidavit, said that he made the following statement:

"It is getting to be so bad here that all you have to do is park on the highway and they will stick a bottle through the window to you."

Mr. Clarke also states in his affidavit that his statement was based on the testimony of two officers that they were parked on the side of the Duncan Hill Road and the defendant stuck a one-half pint of whiskey through the window of the car to them.

The affidavits of W. L. Conder and Dorotha C. Thompson as to the statement made by the county attorney in his argument are substantially the same as the statement contained in the affidavit of the county attorney. They vary only in that they refer to Danville, while the county attorney refers to the place as "here," which could be Danville or Boyle County. It should be noted that neither of the three statements is as definite as the alleged statement complained of and set out in the bill of exceptions, wherein reference is made to Second Street in Danville. The variance is not considered to be material.

The county attorney also stated in his affidavit, " * * * that this statement was based on the testimony of the two officers that they were parked on the side of the Duncan Hill Road and that the defendant stuck a one-half pint of whiskey through the window of the car to them."

■■ His statement that his remark to the jury was based on the evidence of two officers must be accepted as true since there is no denial or counter-affidavit filed by appellant. There is nothing in the record that contradicts the statement of the county attorney on this point. Therefore, the statement made to the jury based upon the evidence introduced on trial must be accepted and was proper in all respects.

■ It is only when the prosecuting attorney argues matters outside the evidence and seeks thereby to take undue ad-

vantage of the accused that the court is justified in interfering. Lee v. Commonwealth, 142 Ky. 742, 135 S.W. 315.

 The second ground for reversal urged by appellant is complained of for the first time in his brief. No mention of this alleged error is made either in the motion and grounds for a new trial or in the bystander bill of exceptions. Since appellant has failed to preserve any record of the error complained of, it cannot be urged.

Judgment affirmed.